# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DE'EGDRA SMITH & RANDRICKA TAYLOR, <br><br> Plaintiffs, <br> v. <br><br> CORPS. SECURITY SERVICES, INC.; PETE COTTRELL; AND BYLENCIA WILLIAMS <br><br> Defendants. | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs De'Egdra Smith and Randricka Taylor ("Plaintiffs"), by and through undersigned counsel, bring this action against Corp. Security Services, Inc., Pete Cottrell and Bylencia Williams ("Defendants"), and state and allege as follows:

## NATURE OF THE ACTION

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), alleging that Defendants failed to compensate the Plaintiffs at the federally-mandated overtime premium rate for all hours worked over 40 in certain workweeks.

## JURISDICTION AND VENUE

2. The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28

1

U.S.C. § 1331 because the claims raise questions of federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.4 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Defendant Corps. Security Services, Inc. ("Corps. Security") is a Georgia corporation with its principle office located at 6075 Roswell Road STE 110B Atlanta, Georgia 30328 according to the Georgia Secretary of State.

5. Corps. Security may be served with process through its registered agent, Michael Hirsch, 125 Town Park Drive Suite 300 Kennesaw, Georgia 30144.

6. Defendant Pete Cottrell is the Secretary and Chief Financial Officer of Defendant Corps. Security.

7. Pete Cottrell may be served wherever he may be found.

8. Defendant Bylencia Williams is the Chief Economic Officer of Defendant Corps. Security.

9. Defendant Bylencia Williams may be served wherever she may be found.

10. Plaintiffs worked for Defendants at Corps. Security within three years preceding the filing of this Complaint.

# FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

11. During the three years preceding the filing of this Complaint, Defendants employed Plaintiffs who engaged in interstate commerce or the production of goods for interstate commerce.

12. Defendants are "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

13. Plaintiffs were "employees" of Defendants within the meaning of the FLSA 29 U.S.C. § 203(e).

14. Defendant Corps. Security is an enterprise whose annual gross sales or business done exceeds $500,000.

15. During the past three years preceding the filing of this Complaint, Corps. Security employed Plaintiffs who engaged in commerce, the production of goods for commerce, or handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

16. Defendant Corps. Security qualifies as an "employer" within the meaning of the FLSA.

17. Defendant Corps. Security employed Plaintiffs.

18. Defendant Pete Cottrell is the Secretary and Chief Financial Officer of Corps. Security.

3

19. During the three years preceding the filing of this Complaint, Pete Cottrell exercised operational control over Defendant Corps. Security.

20. For example, Pete Cottrell determined the compensation practices applicable to Corps. Security's employees, including Plaintiffs.

21. Pete Cottrell had the authority to make changes to the compensation practices of Corps. Security's employees, including Plaintiffs.

22. Pete Cottrell had the authority to hire and fire employees of Corps. Security, including Plaintiffs.

23. Pete Cottrell determined the employment policies applicable to Plaintiffs.

24. Pete Cottrell employed Plaintiffs within the meaning of the FLSA.

25. During the three years preceding the filing of this Complaint, Defendant Bylencia Williams exercised operational control over Corps. Security.

26. For example, Bylencia Williams determined the compensation practices applicable to Corps. Security's employees, including Plaintiffs.

27. Bylencia Williams had the authority to make changes to the compensation practices of Corps. Security's employees, including Plaintiffs.

28. Bylencia Williams had the authority to hire and fire employees of Corps. Security, including Plaintiffs.

29. Bylencia Williams determined the employment policies applicable to Plaintiffs.

30. Bylencia Williams maintained the employment records of Corps. Security employees, including Plaintiffs.

31. Bylencia Williams employed Plaintiffs within the meaning of the FLSA.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS

32. Plaintiffs worked for Defendants as security guards within the three years preceding the filing of this Complaint.

33. As compensation for their work, Defendants paid Plaintiffs an hourly wage.

34. For example, Defendants paid Plaintiff De'Egdra Smith $10.00 per hour for certain hours worked.

35. Plaintiffs typically worked more than 40 hours per workweek.

36. However, Defendants failed to compensate Plaintiffs at not less than 1.5 times their regular hourly rate for all hours worked over 40 in certain workweeks.

37. For example, Defendants had a policy of paying Plaintiffs for the total number of hours recorded in a two-week pay period.

38. However, Defendants failed to compensate Plaintiffs for their hours worked on a workweek basis as mandated by the FLSA.

39. Defendants' practice resulted in Plaintiffs not receiving 1.5 times their regular hourly rate for all hours worked over 40 in certain workweeks.

40. By way of further example, Defendants had a policy of only compensating Plaintiffs at the required overtime premium rate for hours worked in excess of 40 per workweek if Plaintiffs worked more than 40 hours in a three-day consecutive period.

41. If Plaintiffs worked hours in excess of 40 in a workweek, but did not work more than 40 hours in a three-day consecutive period, Defendants did not pay Plaintiffs for their overtime hours at the required overtime premium rate.

42. Defendants also failed to compensate Plaintiffs for all hours worked.

43. For example, Plaintiffs were required to sign in at the beginning of their shift on Defendants' sign-in sheet.

44. However, if Plaintiffs forgot to sign in on the sing-in sheet, Defendants would not compensate Plaintiffs for any hours worked, despite knowing Plaintiffs worked for Defendants.

45. As a result of Defendants' practices, Plaintiffs were not compensated for all hours worked in excess of 40 during certain workweeks at the required overtime premium rate.

46. Defendants also failed to keep accurate time records of all hours worked by Plaintiffs.

47. Defendants' failure to record all hours worked by Plaintiffs is a violation of the FLSA's recordkeeping requirement.

**COUNT I: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME PREMIUM RATE**

48. Plaintiffs worked hours in excess of 40 per week during certain workweeks while employed by Defendants.

49. However, Defendants failed to compensate Plaintiffs for all hours worked over 40 in certain workweeks at the required overtime premium rate.

50. Defendants knew or should have known that Plaintiffs worked hours in excess of 40 for which they were not compensated at 1.5 times their regular rate of pay.

51. Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

52. Defendants' violations of the FLSA demonstrate a reckless disregard for Plaintiffs' rights under federal law.

53. Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for all unpaid overtime wages, liquidated damages, attorney fees and costs.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

(a) Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b) Enter judgment against Defendants that their violations of the FLSA were willful;

(c) Award all unpaid wages;

(d) Award liquidated damages in an amount equal to Plaintiffs' unpaid wages;

(e) Award reasonable attorney fees, costs, and expenses; and

(f) All other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury.

Respectfully submitted: 2/23/2017

| | |
|---|---|
| MAYS & KERR LLC<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, Georgia 30303<br>Telephone: (404) 855-3002<br>Facsimile: (404) 855-4066<br>dustin@maysandkerr.com | *s/Dustin L. Crawford*<br>Dustin L. Crawford<br>Georgia Bar No. 758916<br><br>Counsel for Plaintiffs |